**Robert J. ZEMEL, Plaintiff,**

v.

**BOARD OF GOVERNORS OF the FEDERAL RESERVE BOARD, Defendant.**

**Civil Action No. 92–1056 (HHG).**

United States District Court, District of Columbia.

Nov. 29, 1994.

---

Lynne Kaplan Zusman, Lynne K. Zusman & Associates, Washington, DC, for plaintiff.

James Robert Layton, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

 This is an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*[1] Under the Act, the plaintiff bears the burden of proving that age was a

---

**1.** The Federal Reserve System vests in its Board exclusive jurisdiction regarding all employment matters. The Board has adopted regulations which track the Act. *See* 12 C.F.R. Part 268.

determining factor in the challenged employment decision, that is, that age made a difference in the sense that but for the discriminatory motive, he would have been hired, promoted, or retained. *Krodel v. Young,* 748 F.2d 701, 706 (D.C.Cir.1984).

■ The order of proof is similar to that prescribed in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for actions under Title VII of the Civil Rights Act: first, the plaintiff must prove a prima facie case of discrimination; if that is done, the defendant must rebut that prima facie case by articulating a legitimate, non-discriminatory reason for its actions; and third, if that has occurred, the plaintiff must show that the agency's proffered explanation was a mere pretext. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1980).

## I

The action here arose in the context of a restructuring of the Information Resource Management Division (IRM) of the Board of Governors of the Federal Reserve System (Board). The Board reorganized its data processing functions several times, the last relevant such restructuring having taken place in 1991. In the course of these changes, the officer structure was reduced from five to three levels, and the positions of three IRM officers were eliminated: that of Bruce Beardsley, one of the division directors who as then 59 years old; that of William Jones, another division director, who was 45 years old; and the associate director position occupied by plaintiff, who was 54 years old. Plaintiff complains about the elimination of his position, and he also complains that he was not offered the position of deputy director which had become vacant as a result of the restructuring and which was awarded to Beardsley instead of plaintiff. Plaintiff was appointed a "senior advisor" on a temporary basis, the appointment to extend past the date on which plaintiff would become eligible for early retirement.

■ Although the Board asserts that plaintiff cannot even establish a prima facie case, the Court concludes that such a case has been made out. Plaintiff belongs to the statutorily protected age group, he was qualified for the position he initially occupied, but he lost out with respect to that position. Where plaintiff's case is deficient it is with respect to the remainder of the *McDonnell Douglas* and *Burdine* requirements, in that age was not a determining factor in the challenged employment decisions. *See Nerenstone v. Barr,* 784 F.Supp. 912, 915 (D.D.C. 1992).

The papers before the Court demonstrate that, as concerns the elimination of the associate director position, plaintiff does not show that his age was the determining factor. That position was eliminated because, as part of a reorganization, it was determined that it was no longer needed. *See Barnes v. GenCorp., Inc.,* 896 F.2d 1457, 1465 (6th Cir. 1990). That explanation on behalf of the Board was buttressed by at least two significant factors: first, no individual was appointed to fill the vacancy created by plaintiff's termination, *Id.* at 1465, and second, plaintiff's position was not the only one in his range to be eliminated. Of the other two— the positions of the two division directors— one of the incumbents was older than plaintiff and one was younger. Unrebutted, these facts are strong circumstantial evidence of an absence of age as a determining factor.

While plaintiff has submitted extensive papers, they do not contradict the material facts sworn to by defendant's witnesses.[2]

The principal argument plaintiff advances is that there was a relationship between the abolition of his position and his eligibility for early retirement. No doubt, if the sole or principal motivation of the Board had been to deprive plaintiff of his position because he

---

2. Plaintiff's cross-motion for summary judgment consists of some 150 pages, not counting attachments. Although the papers are labelled "Cross Motion," "Statement of Material Facts Not in Dispute," and "Argument," the material is repetitious, and most of it is rank hearsay, plaintiff's subjective reactions to various events, and other musings and speculations. Very little is of the quality required in the summary judgment context. In the aggregate it does not overcome defendant's material, sworn evidence.

was or soon would be eligible for retirement while younger employees were not so eligible, plaintiff would probably have been able to establish a violation of the law. But that is not what occurred here. What did happen was that, after it became apparent that another senior position would not be available for plaintiff in the reorganized IRM organization, management decided to allow plaintiff to remain so that he could finish the few months of work history required to permit him to become eligible for his retirement benefits. That scenario is not evidence of pretext.

## II

 Plaintiff fares no better with respect to his claim that the Board's failure to appoint him to another position was evidence of unlawful discrimination.

It is not entirely clear to what positions plaintiff claims to have been entitled, but there was no unlawful discrimination with respect to any of the possibilities.

As concerns plaintiff's nonselection for the new job of deputy director, the position went to an employee who was older than plaintiff, and who, moreover, had always been senior to plaintiff and sometimes plaintiff's supervisor. Plaintiff likewise was not appointed to the position of associate director of the Research and Statistics Division. While the individual selected for that position was younger than plaintiff, he was far better qualified, including by a doctorate in economics. Plaintiff, by contrast, had never even been employed in the Research Division. The selecting official determined that plaintiff was not qualified for the job, and that determination clearly was not a pretext.

■ Plaintiff argues next, again without statutory, regulatory, or case support, that the Board was required to "bump" one of the incumbent assistant directors, and offer the job to him as a demotion. There is no requirement that the Board take such action; the law does not require it. Similarly, there is no support for the contention that the Board should have created a new assistant director position during the reorganization and placed him in that position. The Board

was not required to do so under the law, and, in fact, such positions have not been created since.

■ Finally, plaintiff cannot make a case that he should have been placed in the position of assistant director in the Division of Consumer and Community Affairs which was created fourteen months after plaintiff's own position was eliminated. The time period itself defeats plaintiff's argument, as does the fact that he had no legal training which the Board properly regarded as an important consideration with respect to that position.

## III

For the reasons stated, the Court will grant defendant's motion for summary judgment and deny plaintiff's cross motion for summary judgment.